## CIRCUIT COURT OF ROANOKE COUNTY

Landon S. Gibbs and
Stephen Ferguson

v.

Board of Supervisors
of Roanoke County

June 3, 1981

By JUDGE F. L. HOBACK

The Court has considered the provisions of the Virginia Freedom of Information Act (Section 2.1-340 through Section 2.1-346.1 of the 1950 Code of Virginia, as amended), as well as the Stipulation of Fact entered into by counsel for the petitioner and counsel for the Board of Supervisors, and the very able memoranda of counsel, furnished at the request of the Court.

It does not appear that the Supreme Court of Virginia has had occasion to interpret the Virginia Freedom of Information Act, and, consequently, a decision in the instant case must rest upon the interpretation of the Act itself. In this connection, and as pointed out by counsel for the petitioners, Section 2.1-340.1 recites the policy of the chapter and the purposes of the General Assembly, and specifically provides that

> To the end that the purposes of this chapter may be realized, it should be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operation of government. Any exception or exemption from applicability shall be narrowly construed in order that no

thing which should be public may be hidden from any person.

In addition, Section 2.1-342, as amended, specifically provides under paragraph (c), that:

Neither any provision of this chapter nor any provision of chapter 26 (Section 2.1-277, et seq.) of this title shall be construed as denying public access to records of the position, *job classification*, official salary or rate of pay of, and to records of the allowances or reimbursements for expenses paid to any public officer, official or employee *at any level* of State, local or regional government in this Commonwealth whatsoever; provided, however, that the provisions of this subsection shall not apply to records of the official salaries or rates of pay of public employees whose annual rate of pay is ten thousand dollars or less. (underscoring supplied)

There is no evidence that the compensation of the petitioners is ten thousand dollars or less.

It is stipulated and agreed that the Board of Supervisors of Roanoke County did, by Resolution No. 2368, adopted July 22, 1980, authorize the employment of Blanken Associates, Inc., to perform a review and update of the Roanoke County job classification and pay plan as it relates to all employment positions of Roanoke County, and that, pursuant to that agreement, a report was prepared and delivered to the Board in an executive session called to discuss personnel matters. Apparently the job classification does not apply to any particular individual, but does provide for job classifications, and a recommendation as to pay and classification plan. Certainly all employees who are so classified, as well as the general public, would have a vital interest in knowing how his or her position has been classified in order to be advised as to how such a plan compares to other similar plans. It is also necessary to have this information when employment vacancies are advertised and filled, and annual budgets are prepared.

As pointed out by counsel for the petitioners, public funds have been expended for the preparation and acquisition of the position classifications and pay plan, and no satisfactory reason has been presented by the Board as to why this report should be maintained as a confidential one and excluded under the Freedom of Information Act. The Court accordingly adopts and concurs in the views as set forth in the memoranda filed on behalf of the petitioners, and will not reiterate herein what is there set forth.

The Court is, therefore, of the opinion that a mandamus should be issued, directing and compelling the defendant, Board of Supervisors of Roanoke County, to release to the petitioners the report of Blanken Associates, Inc., and that the petitioners are entitled to recover their costs, including reasonable attorney's fees and court costs pursuant to Section 2.1-346 of the Code of Virginia of 1950, as amended.